UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerri A. Larson,                                     Civil No. 06-1811 (JMR/FLN)

        Plaintiff,

        v.                                           **REPORT AND**
                                                       **RECOMMENDATION**

Ford Credit (d/b/a Primus) and
Interstate Credit Control,

        Defendants.

_____

*Pro Se* Plaintiff.
Elizabeth Melton, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on August

4, 2006, on Defendant Interstate Credit Control's Motion to Dismiss [#4].  The matter was referred

to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1.  For the reasons which follow, this Court recommends that Defendant Interstate Credit

Control's Motion to Dismiss [#4] be granted in part and denied in part.

## I.    FINDINGS OF FACT

Plaintiff Gerri A. Larson brought this action against Defendant Interstate Credit Control

(hereinafter "Defendant") and Ford Credit for violations of the Fair Credit Reporting Act, credit

defamation and "tortious interference with credit (economic) expectancy." (Compl. at 4.)  Plaintiff

is suing Defendant for inaccurately reporting account information to credit reporting agencies.

In October 2003 Plaintiff paid $98.00 to Comcast to resolve a debt that was on her credit

report and had been sent to Defendant for collection by Comcast.  Plaintiff alleges that the debt did

not belong to her but that she paid the debt in order to remove the derogatory notation from her

credit report.  Plaintiff alleges that "[f]rom 2004 and on those collections continued to come on and off as entries on [her] credit report."  (Pl.'s Mem. in Opp. at 2.)  Plaintiff alleges that the Comcast account was reported by Defendant as a collection on her credit report on April 26, 2004, and was taken off her credit report by June, 2004.  (Pl.'s Mem. in Opp. at 2.)  Plaintiff alleges that the Comcast collection reappeared on her credit report on July 4, 2004, and again on August 4, 2004. (Pl.'s Mem. in Opp. at 2.)

Plaintiff filed the instant suit against Defendant for violations of the Fair Credit Reporting Act.  In Count I Plaintiff alleges that Defendant "willfully violated 15 U.S.C. §168e(b) [sic] by failing to employ reasonable procedures to assure maximum possible accuracy in the preparation of the consumers credit report."  (Compl. ¶ 24.)  Plaintiff further alleges that Defendant "willing violated 15 U.S.C. § 168i(a) [sic] by failing to conduct a reasonable and independent investigation to remove inaccurate information from Plaintiff's credit report after being asked to . . . numerous times by Plaintiff."  (Compl. ¶ 25.)[1]  Plaintiff alleges that "[a]s a result of this deliberate violation . . . Plaintiff has suffered emotional distress, and mental anguish and damage to her credit worthiness, which is defamation per se."  (Compl. ¶ 26.)  Plaintiff alleges that Defendant's actions and inaction were "willful, rendering them liable for punitive damages . . . pursuant to 15 U.S.C. § 1681n of the Act."  (Compl. ¶ 27.)  Plaintiff alleges that she is entitled to recover her costs and court fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

In Count II Plaintiff alleges that Defendant "verified information to the credit bureaus that

---

[1] Although Plaintiff initially cites to "15 U.S.C. § 168e" and "15 U.S.C. § 168i" in Count I, there is no such provision of the United States Code.  As Count 1 is entitled "Violation of the Fair Credit Reporting Act § 1681, et seq . . ." the Court assumes that Plaintiff was attempting to cite to 15 U.S.C. §§ 1681e and 1681i in Count 1.

they knew did not belong to Plaintiff" and that "Defendant['s] actions and inactions . . . were willful rending [sic] them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act."  (Compl. ¶¶ 31-32.)

In Count III Plaintiff alleges a claim for "Credit defamation."   Plaintiff alleges that "Defendant['s] foregoing actions including but not limited to erroneously reporting adverse accounts constitutes credit defamation in violation of Minnesota law." (Compl. ¶ 33.) Plaintiff further alleges that "Defendant['s] conduct exhibited a reckless disregard for the accuracy of Plaintiff's credit report [and] . . . [a]s a result of Defendant['s] credit defamation, Plaintiff has suffered detriment to her reputation and a bad credit rating resulting in mental anguish, anxiety, embarrassment and humiliation in an amount to be determined at trial."  (Compl. ¶¶ 34-35.)

In Count IV Plaintiff alleges a claim for "tortious interference with credit (economic) expectancy."  (Compl. at 4.)  Plaintiff alleges that Defendant "knew or should have known that Plaintiff had [the] expectancy that she could use her good name to obtain credit."  (Compl. ¶ 36.) Plaintiff further alleges that she "had a valid expectancy to exercise her credit privileges including but not limited to obtaining financing for purchases including but not limited to a vehicle, computer supplies and refinancing her mortgage at a desirable rate." (Compl. ¶ 37.)  Plaintiff alleges that she "suffered damages as a result of Defendant['s] interference including but not limited to emotional distress, humiliation and embarrassment."  (Compl. ¶ 38.)

Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  For the reasons that follow, the Court recommends that Defendant's motion be granted in part and denied in part.

## II.   STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).   A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.   Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted).   In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.   See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).   For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.   In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.   Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).   To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.   Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.   See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984).   Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.   Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

## III.   LEGAL ANALYSIS

The Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "Act") "imposes civil

liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to a consumer." Hurocy v. Direct Merchants Credit Card Bank, 371 F.Supp.2d 1058, 1059 (E.D.Mo.2005). The Act imposes two sets of duties on persons or entities that furnish information to credit reporting agencies. A furnisher of information to a credit reporting agency has (1) the duty to provide accurate information to credit reporting agencies, see 15 U.S.C. § 1681s-2(a), and (2) the duty to "investigate the accuracy of reported information upon receiving notice of a dispute." Hurocy, 371 F.Supp.2d at 1060; see also 15 U.S.C. § 1681s-2(b).

While the Act imposes civil liability on a furnisher of information if the furnisher fails to comply with its duties, "[e]xclusive enforcement of the duty under § 1681s-2(a) is expressly assigned to Federal and State agencies and officials" pursuant to 15 U.S.C. §1681s-2(d). Id. Therefore, a private cause of action only exists to enforce the duty to investigate the accuracy of reported information upon receiving notice of a dispute pursuant to §1681s-2(b). A private cause of action does not exist to enforce the duty to provide accurate information to credit reporting agencies pursuant to 15 U.S.C. § 1681s-2(a). See 15 U.S.C. § 1681s-2(d).

Under the Act,

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy . . . not later than the earlier of-- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. §1681p.

The present suit was filed on May 16, 2006. The actions that Plaintiff claims took place within the two years preceding this suit relate to the duty to provide accurate information. There is no allegation that, within the two years preceding this suit, Defendant received any notice of a

dispute from the credit reporting agencies relating to the Comcast collection which was reported on Plaintiff's credit report.  As a private cause of action does not exist to enforce the duty to provide accurate information, Plaintiff cannot sue Defendant under the Act for violating the duty to provide accurate information.  As such, the Court recommends that Defendant's motion to dismiss be granted as to Counts I and II, because Plaintiff has not alleged facts sufficient for the Court to conclude that she has a private cause of action against Defendant under the Act.

Counts III and IV are not based on the Act but, rather, Count III is a claim for "credit defamation in violation of Minnesota law" and Count IV is a claim for "tortious interference with credit (economic) expectancy."  (Compl. at 4.)  While Defendant's motion is entitled "Motion to Dismiss," Defendant did not advance any arguments as to why the Court should dismiss Counts III and IV.  Therefore, the Court recommends that Defendant's Motion to Dismiss be denied as to Counts III and IV.

## IV.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#4] be **GRANTED** with respect to Counts I and II and **DENIED** with respect to Counts III and IV.


DATED: August 24, 2006                          s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 13, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500

words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 13, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.