UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerri A. Larson,

Civil No. 06-1811 (JMR/FLN)

Plaintiff,

v.

**REPORT AND
RECOMMENDATION**

Ford Credit (d/b/a Primus) and
Interstate Credit Control,

Defendants.

_____

*Pro Se* Plaintiff.
Brian Vander Pol, for Defendant Ford Credit.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 25, 2007, on Defendant Ford Credit's Motion to Dismiss [#34].  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends that Defendant Ford Credit's Motion to Dismiss [#34] be granted in part and denied in part.

## I.   FINDINGS OF FACT

Plaintiff Gerri A. Larson brought this action against Defendant Interstate Credit Control and Ford Credit (hereinafter "Defendant") alleging violations of the Fair Credit Reporting Act, and claims for credit defamation and tortious interference with economic expectancy.  (Am. Compl., Docket Number 10.)  Count I of Plaintiff's Amended Complaint alleges that Defendant wilfully violated 15 U.S.C. § 1681s-2 by failing to conduct a reasonable and independent investigation to remove inaccurate information from Plaintiff's credit report.  (Am. Compl. at 1-2.)  Count II of Plaintiff's amended complaint alleges that Defendant's conduct exhibited a reckless disregard for

the accuracy of Plaintiff's credit report and that Defendant's actions of erroneously reporting adverse information on Plaintiff's credit report constituted credit defamation in violation of Minnesota law.  (Am. Compl. at 3.)  Count III of Plaintiff's amended complaint alleges a claim for tortious interference with economic expectancy, and Count IV alleges a claim for unfair and deceptive trade practices pursuant to the Fair Credit Reporting Act (hereinafter "Act" or "FCRA").  (Am. Compl. at 4.)

Plaintiff is suing Defendant for inaccurately reporting her account information to credit reporting agencies, and for failing to conduct a reasonable investigation into the accuracy of the reported information after receiving notice of a dispute from the credit reporting agencies.  In her amended complaint, Plaintiff alleges that she noticed inaccuracies in her credit report related to an account she previously had with Defendant and that she "reported these inaccuracies several times to the credit agencies . . . in hopes of getting them corrected [by] Ford Credit."  (Am. Compl. at 2.)  Plaintiff further alleges that "[t]he Credit bureaus contacted . . . Ford Credit . . . in their investigation and after their research, the derogatory reports still came on Plaintiff's credit report."  (Am. Compl. at 2.)  Plaintiff alleges that Defendant did not remove these errors from her credit report even after being notified by the credit reporting agencies of the errors.  Plaintiff further alleges that "[w]ith regard to the statute of limitations, entries from both Interstate Credit Control and Ford credit were report[ed] within a two year period from the date of the Complaint."  (Am. Compl. at 4.)

Defendant now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  For the reasons that follow, the Court recommends that Defendant's motion be granted in part and denied in part.

2

## II.   STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002).  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.  *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.  *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir.1981).

### III.    LEGAL ANALYSIS

### A.    Count I States a Claim for a Violation of the Fair Credit Reporting Act.

The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* "imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to a consumer." *Hurocy v. Direct Merchants Credit Card Bank*, 371 F.Supp.2d 1058, 1059 (E.D.Mo.2005). The Act imposes two sets of duties on persons or entities that furnish information to credit reporting agencies. A furnisher of information to a credit reporting agency has (1) the duty to provide accurate information to credit reporting agencies, *see* 15 U.S.C. § 1681s-2(a), and (2) the duty to "investigate the accuracy of reported information upon receiving notice of a dispute." *Hurocy*, 371 F.Supp.2d at 1060; *see also* 15 U.S.C. § 1681s-2(b). "[F]urnishers of information are required to conduct a 'reasonable' investigation of a consumer's dispute regarding information contained in a credit report." *Hurocy*, 371 F.Supp.2d at 1060 (quoting *Bruce v. First U.S.A. Bank, N.A.*, 103 F.Supp.2d 1135, 1143 (E.D.Mo.2000)); *see also Schaffhausen v. Bank of America*, 393 F.Supp.2d 853, 858 (D.Minn.2005).

Under the Act,

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy . . . not later than the earlier of-- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. §1681p.

The present suit was filed on May 16, 2006. Defendant argues that Plaintiff's claim under 15 U.S.C. § 1681s-2(b) is time-barred by the two year statute of limitations. Defendant notes that, "[i]n her amended complaint, Plaintiff alleges that she wrote certified letters to the credit bureaus

regarding her account with Ford Credit on January 5, 2004, April 26, 2004, and May 5, 2004, and

that despite those letters, her credit report continued to reflect inaccurate information." (Def.'s

Mem. at 7.) Defendant argues that these allegations alone "are sufficient to warrant the conclusion

that Plaintiff discovered the existence of her cause of action under the FCRA far in advance of May

16, 2004, the last possible date on which Plaintiff's claim could be considered timely." (Def.'s

Mem. at 7.) Defendant argues that Plaintiff's additional court filings support the conclusion that

Count I is time-barred, because Plaintiff acknowledged in her motion for default judgment that she

was aware as early as January 2004 that her credit report contained inaccuracies regarding her

account with Ford Credit, and because Plaintiff confirmed in her Response to Ford Credit's Motion

for a Definite Statement that she was aware no later than February 11, 2004, of the alleged failure

of Ford Credit to conduct a reasonable investigation. (Def.'s Mem. at 7.) Defendant argues that

since Plaintiff admits that she discovered the existence of her cause of action prior to May 16, 2004,

her claim is barred by the two year limitations period.

At the hearing on this matter Defendant's counsel cited two cases to this Court in support

of Defendant's argument that Count I is time-barred because Plaintiff discovered the existence of

her cause of action under the Act well before May 16, 2004. The first case cited by Defendant is

*Bittick v. Experian Information Solutions, Inc.*, 419 F.Supp.2d 917 (N.D.Tex.2006). In *Bittick* the

court stated the following:

> Bittick filed suit on June 27, 2005. All of the transactions Bittick raises in her
> complaint occurred before June 27, 2003. Indeed, the only event in her complaint
> that occurred after June 27, 2003 is her additional report to the agencies that the
> information was incorrect. This additional report cannot restart the limitations clock.
> . . . Bittick argues that because the agencies removed the information and then put
> it back on her report in 2004, this is an instance of re-reporting that restarts the two
> year statute of limitations clock. . . . This re-report was not alleged in her complaint,
> however, and cannot defeat [the] . . . limitations argument.

5

*Id*. at 919 (internal quotations and citation omitted). *Bittick* is distinguishable from the present case because all of the events alleged in the complaint in *Bittick* occurred prior to the statute of limitations date. In addition, *Bittick* is distinguishable because, although the plaintiff alleged that the credit reporting agencies removed the inaccurate information from her report and then put it back on her credit report in 2004, the plaintiff did not include those allegations in her complaint and therefore could not use those allegations to defeat defendant's statute of limitations argument.

The second case cited by Defendant in support of its argument that the statute of limitations began to run as soon as Plaintiff became aware of the existence of her claim is *Ryan v. Trans Union Corporation*, 2000 WL 1100440 (N.D.Ill.2000). *Ryan* is distinguishable from the facts in the present case because all of the events in *Ryan* that allegedly violated the Act occurred prior to the effective date of the Act. *Id*. at *1-2.

To the extent that *Ryan* and *Bittick* can be read to stand for the proposition that the statute of limitations begins to run on a FCRA claim at the time the plaintiff becomes aware of the existence of the claim, and that a subsequent report by the plaintiff of the same alleged inaccuracy that occurs after the furnisher of information conducts an initial investigation does not constitute a new violation of the Act, this Court rejects that reasoning. This Court concludes that each time a furnisher of information receives a report of a credit inaccuracy and fails to conduct a reasonable investigation of that inaccuracy, that failure constitutes a new violation of 15 U.S.C. § 1681s-2(b), even if the report addresses the same credit inaccuracy issue that has previously been reported to the furnisher of information.

In the present case, the Court reads Plaintiff's Amended Complaint to say that she wrote to the credit reporting agencies to inform them of the alleged inaccuracies in her reported account with

Defendant Ford Credit.  The credit reporting agencies then contacted Ford Credit regarding the alleged inaccuracies and Defendant failed to conduct a reasonable investigation regarding those inaccuracies; instead, Defendant stated that the alleged inaccuracies were in fact correct.  In response, Plaintiff continued to write to the credit reporting agencies to inform them of the inaccuracy, and Defendant continually failed to conduct a reasonable investigation into the accuracy of the reported information.

Although the amended complaint is not a model of clarity, it appears to the Court that Plaintiff's amended complaint alleges that Plaintiff sent at least one letter to the credit reporting agencies within two years of May 16, 2006, and that Defendant did not conduct a reasonable investigation regarding those inaccuracies despite being notified of the inaccuracies.  Federal Rule of Civil Procedure Rule 8 states that

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  Federal Rule of Civil Procedure Rule 8 also notes that "[a]ll pleadings shall be so construed as to do substantial justice."  Fed. R. Civ. P. 8(f).  In her amended complaint, Plaintiff states "[w]ith regard to statute of limitations, entries from . . . Ford credit were report[ed] within a 2 year period from date of Complaint."  (Am. Compl. at 4.)

The Court concludes that Plaintiff's allegation in her amended complaint that entries from Ford Credit were reported to the credit reporting agencies within a two year period from the date of the complaint is sufficient to satisfy the general rules of notice pleading required by Federal Rule of Civil Procedure Rule 8.   The Court concludes that this statement is sufficient to defeat

Defendant's motion to dismiss Count I.  *See* Fed. R. Civ. P. 8(a), (f).  It is the purpose of discovery to determine whether Defendant's alleged actions occurred within the two year statute of limitations. For the purpose of a motion to dismiss, Plaintiff has sufficiently plead that she satisfied the two year statute of limitations in the present case.

The Court concludes that, although Plaintiff may have become aware of the existence of the alleged FCRA violation prior to May 16, 2004, each time Plaintiff made a renewed complaint to the credit reporting agencies and Defendant did not engage in a reasonable investigation of that complaint, Defendant committed a new violation of 15 U.S.C. §1681s-2(b).  The Court further concludes that Plaintiff has sufficiently pled that Defendant violated the Act within two years of the date that Plaintiff filed her complaint.  *See* Fed. R. Civ. P. 8(a).  Therefore, the Court concludes that Plaintiff has stated a claim pursuant to 15 U.S.C. §1681s-2(b) and  recommends that Defendant's motion to dismiss Count I be denied as to any report that Plaintiff filed with the credit reporting agencies after May 16, 2004.

### B.    Counts II and III Are Not Time-Barred and Are Not Preempted by the Fair Credit Reporting Act.

Defendant argues that Count II should be dismissed because it is time-barred.  Defendant argues that, pursuant to Minnesota Statute section 541.07(1), the statute of limitations for defamation claims is two years from the date of publication of the alleged defamatory statement, and since Plaintiff's pleadings and other filings with the Court make it clear that Plaintiff was aware of the publication of the alleged defamatory statements prior to May 16, 2004, Count II is time-barred and must be dismissed.  (Def.'s Mem. at 5.)  Similarly, Defendant argues that, while under Minnesota law claims for tortious interference with economic expectancy are generally subject to a six year statute of limitations, where the facts alleged in support of such a claim are essentially a part of the

8

plaintiff's defamation action, the two year limitations period set forth in Minnesota Statute section 541.07(1) is applicable.  *See Wild v. Rarig*, 234 N.W.2d 775, 793 (Minn.1975).  Defendant argues that the facts alleged in support of Plaintiff's claim for tortious interference with economic expectancy are identical to those alleged in support of her claim for credit defamation, and therefore the two year statute of limitations applies to Count III.  Defendant argues that Plaintiff's pleadings and other filings with the Court make it clear that Plaintiff was aware of the publication of the alleged defamatory statements prior to May 16, 2004, and hence Count III is time-barred.

Assuming without deciding that the two year statute of limitation applies to Count III as well as Count II, the Court concludes that Plaintiff's statement in her amended complaint that entries from Ford Credit were reported within a two year period from the date of the complaint is sufficient to satisfy the general rules of notice pleading required by Federal Rule of Civil Procedure Rule 8.  *See* Fed. R. Civ. P. 8(a), (f).  It is the purpose of discovery to determine whether Defendant's alleged actions occurred within the two year statute of limitations.  For the purpose of a motion to dismiss, Plaintiff has sufficiently plead that she satisfied the two year statute of limitations in the present case.

In addition to arguing that Counts II and III are time-barred, Defendant argues that Counts II and III are preempted by the Fair Credit Reporting Act.  15 U.S.C. § 1681h states that

> no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (footnote omitted).  Defendant argues that Count II, as an action for credit defamation, is preempted by the Fair Credit Reporting Act as stated in 15 U.S.C. § 1681h(e). (Def.'s Mem. at 5-6.)  Defendant also argues that Count III should be dismissed as preempted by the Fair Credit Reporting Act, because "[r]educed to its essence, Plaintiff's claim for tortious interference is equivalent to a claim of credit defamation, and is therefore preempted unless Plaintiff can establish that Ford Credit's actions were taken with malice or willful intent to injure her."  (Def.'s Mem. at 7.)

The Court finds that Plaintiff has sufficiently plead willfulness in her amended complaint. Plaintiff alleges in her amended complaint that she repeatedly notified the credit reporting agencies of the inaccuracies in her credit report related to Ford Credit and that Ford Credit repeatedly failed to conduct a reasonable investigation of these inaccuracies and instead re-affirmed the validity of these inaccuracies.  This pleading is sufficient to state a claim that Defendant's actions were taken with malice or willful intent to injure Plaintiff.[1]  Therefore, the Court recommends that Defendant's motion to dismiss be denied as to Counts II and III.

### C.    There is No Private Right of Action for Unfair and Deceptive Trade Practices Under the Fair Credit Reporting Act; Therefore, Count IV Should be Dismissed.

In Count IV of her amended complaint, Plaintiff alleges a claim for unfair and deceptive trade practices pursuant to the Fair Credit Reporting Act.  (Am. Compl. at 4.)  While the Act imposes civil liability on a furnisher of information if the furnisher fails to comply with its duties, a private cause of action only exists to enforce the duty of a furnisher of information to conduct a reasonable investigation to determine the accuracy of reported information upon receiving notice

---

[1] *See* Fed. R. Civ. P. Rule 8(a); *Haines v. Kerner*, 404 U.S. at 520.

of a dispute from a credit reporting agency pursuant to §1681s-2(b).  As a private cause of action only exists to enforce the duty of a furnisher of information to conduct a reasonable investigation of the accuracy of reported information upon receiving notice of a dispute from a credit reporting agency, Count IV fails to state a claim for Unfair and Deceptive Trade Practices pursuant to the Fair Credit Reporting Act.  Since Count IV fails to state a claim under the Fair Credit Reporting Act, the Court recommends that Defendant's motion to dismiss be granted as to Count IV.

## IV.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#34] be **GRANTED** with respect to Count IV and **DENIED** with respect to Counts I, II, and III.


DATED: February 12, 2007                     s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 2, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 2, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.